D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA

                      **MEMORANDUM & ORDER**

-against-

                      03-CR-0240 (NGG)

GEHABAE WORJLOH,

       Defendant.

-----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Def. Mot. (Dkt. 176).) For the reasons discussed below, Defendant's motion is DENIED.

I.     BACKGROUND

On April 26, 2005, Defendant was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); and unlawful use of a firearm in violation of 18 U.S.C. §924(c)(1)(A)(I). (Apr. 26, 2005, Min. Entry (Dkt. 107).)

Prior to sentencing, the Probation Department prepared a Presentence Investigation Report ("PSR"), which laid out sentencing options under the United States Sentencing Guidelines ("U.S.S.G."). The PSR concluded that Defendant was personally responsible for over 1.5 kilograms of cocaine base. (Gov't Resp. (Dkt. 180), Ex. A (filed under seal).) Pursuant to U.S.S.G. § 2D1.1(c), Defendant's base offense level for the drug counts was calculated to be 38. (Id.) The Probation Department applied a three-point enhancement for Defendant's role as a

1

manager or supervisor pursuant to U.S.S.G. § 3B1.1(b), and a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because Defendant committed perjury at trial. (Id.) With a resulting total offense level of 43 and Defendant's criminal history of I, the U.S.S.G. range for the drug counts was life imprisonment. (Id.) In addition, Defendant's conviction under 18 U.S.C. § 924(c)(1)(A)(I) for unlawful use of a firearm carried a five-year mandatory term of imprisonment, to be imposed consecutively to any other term of imprisonment imposed. (Id.)

On June 28, 2006, this court sentenced Defendant to 300 months of imprisonment for the drug charges followed by 60 months for the firearms charge. (Jun. 28, 2006, Min. Entry (Dkt. 135).) The court made a downward departure from the life sentence due to the existence of "factors in [Defendant's] background . . . that would make [him] at some point capable of leading a law-abiding life." (Id.)

Defendant appealed his conviction and sentence, arguing that: (1) the court erred in failing to suppress Defendant's statements as well as evidence seized during a search of his home; (2) the court erred in its jury charge; and (3) Defendant's sentence was unreasonable. (Not. of App. (Dkt. 137).) On October 8, 2009, the Court of Appeals for the Second Circuit affirmed Defendant's conviction, but vacated his sentence and remanded the case for resentencing consistent with Kimbrough v. United States, 552 U.S. 85 (2007), and United States v. Regalado, 581 F.3d 143 (2d Cir. 2008). See United States v. Worjloh, 546 F.3d 104 (2d Cir. 2008). On January 11, 2010, this court resentenced Defendant to a total of 240 months of imprisonment and reduced the supervised release to 10 years. (Jan. 14, 2010, Order (Dkt. 160).) This constituted a substantial downward departure from the amended Guidelines range of 324 to 405 months for the drug counts, which was in force at the time of resentencing.

In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), which reduced the crack-cocaine to powder-cocaine ratio from 100:1 to 18:1. The United States Sentencing Commission issued Amendment 750 to reflect this change in U.S.S.G. § 2D1.1(c), and Amendment 759, which stated that Parts A and C of Amendment 750 may be applied retroactively. See U.S.S.G. § 1B1.10(c) ("2011 Amendments").

On November 28, 2011, Defendant filed a pro se Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (Def. Mot.) On August 6, 2012, Defendant's counsel filed a Memorandum in Support of Defendant's Motion. (First Def. Mem. (Dkt. 183).) On November 11, 2013, Defendant filed a supplementary Memorandum. (Second Def. Mem. (Dkt. 186).) Defendant moves the court to reduce his sentence pursuant to the FSA and the revised Guidelines in proportion to the court's previous downward departure from the previously applied range of 324 to 405 months. (Def. Mot. at 4.) The Government opposes Defendant's motion, arguing that Defendant is not entitled to any further reductions because his current sentence is already below the revised Guidelines range of 262 to 327 months. (See Gov't Resp.)

## II. LEGAL STANDARD

The Supreme Court has established a "two-step inquiry" for district courts deciding motions for sentence reduction under 18 U.S.C. § 3582(c)(2). See Dillon v. United States, 560 U.S. 817, 825 (2010); see also United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). The district court must first determine whether a defendant is "*eligible* for a reduction in sentence, which requires that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission—namely § 1B1.10." Id. (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)) (internal quotation marks omitted). To be eligible, a defendant must have been "sentenced to a term of imprisonment

3

based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2). If a defendant is eligible for a sentence reduction, the court will proceed to the second step and consider whether a reduction is warranted. Dillon, 560 U.S. at 826.

## III. DISCUSSION

Under the first prong of the inquiry established in Dillon, the issue is whether Defendant is eligible for a reduction in sentence, consistent with U.S.S.G. § 1B1.10. The commentary to § 1B1.10 states that "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10 cmt. 6. The current version, amended in 2011, establishes that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range" except where the defendant has provided "substantial assistance to authorities." U.S.S.G. §§ 1B1.10(b)(2)(A)-(B).

Both Defendant and the Government are in agreement about the Guidelines calculation in this case. (See Def. Mot. at 4; Gov't Resp. at 3.) Pursuant to the amended U.S.S.G. § 2D1.1(c), the base offense level for Defendant's drug counts is now 34, instead of the original 38. Applying the enhancements made earlier, Defendant's final offense level is 39, instead of the original 43. With Defendant's criminal history category of I, the prescribed Guidelines range for the drug counts is between 262 and 327 months.

Because Defendant's current sentence of 240 months is already well below the prescribed Guidelines range, he is not eligible for a sentence reduction, as the Guidelines are clear that a court may not reduce a defendant's sentence below the minimum of the amended range. See

4

U.S.S.G. §§ 1B1.10(b)(2)(A)-(B). In fact, by being resentenced to a total of 240 months, Defendant was in effect sentenced to 180 months for the drug counts, followed by 60 months for the firearms count. (Id.)

Defendant argues that U.S.S.G. § 1B1.10(b)(2)(A) does not preclude the court from reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) for two reasons: (1) the 2011 amendments to U.S.S.G. § 1B1.10(b)(2)(A) violate United States v. Booker, 543 U.S. 220 (2005), by removing this court's discretion in sentencing (First Def. Mem. at 3) and (2) § 1B1.10(b)(2)(A) violates the Ex Post Facto Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 3 (Second Def. Mem. at 21-28). Defendant also requests leniency based on Defendant's "rehabilitative strides" and exemplary behavior in prison. (Def. Mot. at 4-5; First Def. Mem. at 3.)

### A. Applicability of Booker to Motions Pursuant to 18 U.S.C. § 3582(c)(2)

Defendant contends that the 2011 amendments to U.S.S.G. § 1B1.10(b)(2)(A), which lowered the crack-cocaine to powder-cocaine ratio pursuant to the FSA, violate Booker by removing the court's ability to exercise its sentencing discretion to reflect a proportional variance of this court's previous downward departure from the recommended range under the Guidelines. (First Def. Mem. at 3.) The court disagrees.

The Supreme Court's decision in Booker established that the Guidelines are not mandatory but advisory. Booker, 543 U.S. at 245. The Court however stated in Dillon that "[g]iven the limited scope and purpose of § 3582(c)(2), . . . proceedings under that section do not implicate the interests identified in Booker." Dillon, 560 U.S. at 828. "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id. at 826.

5

The Second Circuit has also concluded that "a § 3582(c)(2) proceeding is not a resentencing" but "a limited revisiting of a previously-imposed sentence." United States v. Rivera, 662 F.3d 166, 180 (2d Cir. 2011). The weight of these authorities indicate that Booker is inapplicable to motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). See also United States v. Hudson, 2008 WL 4164106, at *5 (E.D.N.Y. Sept. 5, 2008). Because of the distinction between § 3582(c)(2) sentence-modification proceedings and other sentencing proceedings, courts are required "to honor § 1B1.10(b)(2)'s instruction not to depart from the amended Guidelines range at [§ 3582(c)(2) sentence-modification] proceedings." Dillon, 560 U.S. at 828.

Defendant contends that Dillon is distinguishable because that the 2011 amendments to U.S.S.G. § 1B1.10(b)(2) give district courts less discretion than the previous version of § 1B1.10(b)(2) which was considered in Dillon. (First Def. Mem. at 3.) The 2010 version states that "if the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under [§ 1B1.10(b)(1)] may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (2010). The Supreme Court's reasoning in Dillon, however, was premised on the limited scope of § 3582(c)(2) sentence-modification proceedings rather than the particular text of § 1B1.10(b)(2). See Dillon, 560 U.S. at 826-28. The Second Circuit has reiterated even subsequent to the 2011 amendments that "the types of sentence reductions provided for in amendments such as Amendment 750 are not considered full-fledged 'resentencings,' such that the Sixth Amendment concerns identified in Booker do not apply." United States v. Erskine, 717 F.3d 131, 136 (2d Cir. 2013). The concerns in Booker are simply not implicated by § 3582(c)(2), and it is of no relevance to this analysis that the 2011

amendments to § 1B1.10(b)(2) happen to be more restrictive than the previous version considered in Dillon.

### B. Applicability of the Ex Post Facto Clause

Defendant next argues that U.S.S.G. § 1B1.10(b)(2)(A) violates the Ex Post Facto Clause of the United States Constitution, U.S. Const. art. I, § 9, cl. 3, and thus the less restrictive pre-2011 version of § 1B1.10(b)(2) should apply instead. (Second Def. Mem. at 21-28.) Defendant contends that although a sentencing court must generally apply the version of the Guidelines that is in effect at the time of sentencing, if the court determines that the application would violate the Ex Post Facto clause, it must use the version of the Guidelines in effect on the date that the offense of conviction was committed. (Id. at 21 (citing United States v. Rodriguez, 989 F.2d 583, 587 (2d Cir. 1993).) The court disagrees.

To fall within the ex post facto prohibition, a law "must disadvantage the offender affected by it . . . by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (internal citations omitted). To make out a violation of the Ex Post Facto Clause, therefore, a defendant must be able to show that the challenged law operated retrospectively to *increase* his punishment. Bowman v. United States, 685 F. Supp. 2d 519, 524 (S.D.N.Y. Feb. 22, 2010).

In the instant case, as in Bowman, Defendant does not face greater punishment as a result of the 2011 amendments, which he challenges. On the contrary, the 2011 amendments, enacted pursuant to the FSA, *reduce* the crack-cocaine to powder-cocaine ratio from 100:1 to 18:1. As applied to Defendant, they effectively reduce his recommended Guidelines range from 324 to 405 months to 262 to 327 months. The court therefore concludes that no colorable ex post facto claim exists.

7

C. **Exemplary Behavior**

Lastly, Defendant requests leniency based on his alleged "rehabilitative strides" and exemplary behavior in prison. (Def. Mot. at 4-5; First Def. Mem. at 3.) As the court finds that a reduction of sentence under 18 U.S.C. § 3582(c)(2) would be inconsistent with applicable policy statements issued by the Sentencing Commission, the court "may not modify a term of imprisonment once it has been imposed," without a motion from the Director of the Bureau of Prisons and "extraordinary and compelling reasons [to] warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's representations about his rehabilitative strides do not constitute such "extraordinary and compelling" reasons.

## III. CONCLUSION

For the reasons stated above, Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).[1] Defendant's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
May 5, 2014

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Because Defendant is ineligible for a sentence reduction under the first prong of Dillon, the court does not consider whether a reduction is warranted under the second prong. See Dillon, 560 U.S. at 826.