UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

GEHABAE WORJLOH,

                          Defendant.
-------------------------------------------------------------------X

**ORDER**

03-CR-240-2 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are Defendant Gehabae Worjloh's pro se Motion to Correct Sentence (Dkt. 213), and a pro se letter requesting information about legally changing his name (Ltr. re Name Change (Dkt. 211)). For the reasons stated below, the court DENIES the Motion. With regard to legal name change procedures, the court directs Defendant to consult the Government's summary of governing law. (See Gov't Resp. (Dkt. 215) at 4-5.)

On April 26, 2005, Defendant was convicted of conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base in violation of 21 U.S.C. § 846; distribution, and possession with intent to distribute, 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); and unlawful use of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(I). (Jury Verdict (Dkt. 108).) The court sentenced Defendant to 300 months of imprisonment for the drug charges and a consecutive 60-month term for the firearm charge. (J. (Dkt. 136).) Defendant was subsequently resentenced to a total term of imprisonment of 240 months, representing 240 months on the drug charges and a concurrent term of 60 months on the firearm charge. (Jan. 11, 2010, Order (Dkt. 160); see also May 5, 2014, Mem. & Order (Dkt. 188) at 2.) On February 8, 2016, Defendant received another downward revision, bringing his sentence on the drug charges—and also his total overall sentence—to 210 months. (Mar. 30, 2016, Order Reducing Sent. (Dkt. 203).) That order did not modify Defendant's concurrent

1

60-month firearm sentence. (Feb. 8, 2016, Mem. & Order (Dkt. 202) at 6 (This order "does not alter any other portion of the . . . Judgment, or the January 11, 2010, resentencing.").)

Defendant now moves the court to "correct" his sentence, arguing that each of his resentencings to date impermissibly paired a <u>consecutive</u> 60-month firearm sentence with a sharply reduced sentence on the drug charges: first from 300 months to 180 months, and then to 150 months.[1] (Mot to Correct.) Defendant argues, therefore, that his current total sentence of 210 months should be amended down to a total term of 150 months' incarceration, comprised of a 150-month sentence on the drug charges and a <u>concurrent</u> 60-month firearm sentence. Defendant has incorrectly interpreted his sentencing history, however. Defendant's current sentence properly consists of a 210-month term on the drug charges and a concurrent 60-month sentence on the firearm charge.

The Motion to Correct Sentence (Dkt. 213) is DENIED. The Clerk of Court is respectfully DIRECTED to send the <u>pro se</u> Defendant a copy of this Order, and also a copy of the Government's Response (Dkt. 215), which contains instructions on how a federal inmate may pursue a legal name change.

SO ORDERED.

Dated: Brooklyn, New York
January 30, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] In a Memorandum and Order dated May 5, 2014, the court denied an additional motion for resentencing on the basis that Defendant's 240-month sentence on the drug charges already "constituted a substantial downward departure from the amended United States Sentencing Guidelines range of 324 to 405 months for the drug counts, which was in force at the time of resentencing." (May 5, 2014, Mem. & Order (Dkt. 188) at 2.) The court noted in passing that "by being resentenced to a total of 240 months, Defendant was in effect sentenced to 180 months for the drug counts, followed by 60 months for the firearms count." (<u>Id.</u> at 5.) The court did not mean to suggest, however, that Defendant actually remained subject to two consecutive sentences. The court's comment merely emphasized that, in the 10 years since Defendant was originally sentenced, he has benefited both from reductions in the applicable Guidelines ranges <u>and</u> from a change in law as to consecutive vs. concurrent sentences.